**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GLORIA MAZARIEGO,<br><br>              Plaintiff,<br><br>    v.<br><br>WALMART, et al,<br><br>             Defendants. | Case No. 1:24-cv-00612-KES-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTION TO REMAND AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AT A LATER TIME<br><br>ORDER VACATING AUGUST 7, 2024 HEARING<br><br>(ECF Nos. 4, 5)<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

Currently before the Court are Plaintiff's motion to remand and Plaintiff's application for leave to file first amended complaint at a later time. (ECF Nos. 4, 5.) The Court finds these matters suitable for decision without oral argument. See Local Rule 230(g). Having considered the moving, opposition and reply papers, as well as the Court's file, the Court recommends both Plaintiff's motion to remand and application for leave to file a first amended complaint at a later date be denied.

/ / /

/ / /

/ / /

1

# I.

# BACKGROUND

On July 3, 2023, Gloria Mazariego ("Plaintiff") initiated this action against Defendants Walmart,[1] Walmart Inc., Wal-Mart Real Estate Business Trust, and Does 1-100 in Fresno County Superior Court alleging claims for negligence and premises liability. (Notice of Removal, Ex. A ("Compl."), ECF No. 1-1 at 3, 5.) Plaintiff's claims arise out of a July 4, 2021 slip and fall incident that occurred at a Walmart branch located at 14061 W. Whitesbridge Avenue in Kerman, California. (Id. at 6.) On April 24, 2024, Defendant Walmart, Inc. accepted service of process. (ECF No. 1-2 at 2.) Thereafter, Plaintiff sent a demand letter outlining Plaintiff's injuries and asserting damages in the amount of $577,073.11. (ECF No. 1-3 at 4.) Additionally, on May 16, 2024, Plaintiff sent an itemization of medical expenses in the amount of $91,434.34 for a shoulder surgery that was allegedly necessitated as a consequence of the slip and fall. (ECF No. 1-4 at 2-3.)

On May 22, 2024, Walmart, Inc. and Wal-Mart Real Estate Business Trust (hereinafter "Defendants") filed a notice of removal based on diversity jurisdiction, alleging that, given Plaintiff's demand letter and $91,434.34 shoulder surgery bill, the amount in controversy exceeds $75,000.00 and complete diversity exists between Plaintiff, a California citizen, and the named Defendants, citizens of Arkansas and Delaware. (ECF No. 1 at 3-5.)

On June 13, 2024, Plaintiff filed the instant motion to remand on the grounds that the Court lacks diversity jurisdiction. (ECF No. 4.) Plaintiff concurrently filed an "application for leave to file first amended complaint at a later time" which requests that the Court grant Plaintiff leave to amend her complaint upon the future disclosure of the true names of Does 1-100. (ECF No. 5.) On June 27, 2024, Defendants filed oppositions to both motions. (ECF Nos. 8, 9.) On July 5, 2024,

---

[1] On July 25, 2024, Defendants Walmart, Inc. and Wal-Mart Real Estate Business Trust filed a notice regarding the third named Defendant, "Walmart," which Plaintiff sued as a "a business organization, form unknown." (ECF No. 13.) The notice provides that "Walmart" is not a formal legal entity; rather, the correct designation for the entity is Walmart, Inc. (Id. at 2.) Defendants Walmart, Inc. and Wal-Mart Real Estate Business Trust clarify that Plaintiff did not serve Defendant Walmart and because "Walmart" is not a proper legal entity, defense counsel for Defendants Walmart, Inc. and Wal-Mart Real Estate Business Trust did not answer on behalf of "Walmart." (Id.) While maintaining "Walmart" is not a proper party because it is not separate and apart from Defendant "Walmart, Inc.," Defendants state that to the extent the Court finds that "Walmart" should appear in this action, counsel for Defendants Walmart, Inc. and Wal-Mart Real Estate Business Trust will represent "Walmart," which would also be incorporated in Delaware with a principal place of business in Arkansas. (Id.)

Plaintiff filed replies to Defendants' oppositions.  (ECF Nos. 10, 11.)

## II.
## LEGAL STANDARDS

A defendant may remove a matter to federal court if the district court would have original jurisdiction.  See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  Here, the Defendants' basis for removal to federal court was diversity jurisdiction.  A federal district court may exercise diversity jurisdiction over a matter when there is diversity of citizenship among the parties, and the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332(a).  Federal district courts have original jurisdiction over state law civil actions between citizens of different states in which the amount in controversy exceeds $75,000 exclusive of costs and interest.  28 U.S.C. § 1332(a)(1).  An action may be removed to federal court based on diversity jurisdiction only where there is complete diversity of citizenship between the parties.  Hunter v. Phillip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. §§ 1332(a), 1441(b)).  A motion to remand is the proper procedure to challenge a removal based on lack of jurisdiction.  28 U.S.C. § 1447.  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  Id.

Ultimately, "[t]he removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute."  Cal. ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citation omitted); see also Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is proper.").  Thus, if there is any doubt as to the right of removal, a federal court must reject jurisdiction and remand the case to state court.  Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## III.
## DISCUSSION

Plaintiff seeks remand on the basis that Defendants have not established that complete

diversity exists between the parties, namely Plaintiff and Does 1-100.  Plaintiff does not dispute the timeliness of the removal notice or other removal requirements, nor does she contest the amount in controversy exceeds $75,000.00[2].  In both her motion to remand and her concurrently filed motion for leave to file an amended complaint at a later time, Plaintiff requests leave to amend her complaint once she is able to ascertain the names of the Doe defendants.  (See ECF No. 4 at 8; ECF No. 5.)  The Court first addresses Plaintiff's motion to remand then turns to Plaintiff's motion for leave to file an amended complaint.

### A. Plaintiff's Motion for Remand

#### 1. Diversity of Citizenship

Section 1332 requires complete diversity of citizenship.  28 U.S.C. § 1332(a).  The presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."  Abrego v. Abrego, 443 F.3d at 679 (citations omitted).  A natural person's state citizenship is determined by her state of domicile.  Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  A corporation is deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business.  Lincoln Prop. Co. v. Roche, 546 U.S. 81, 94 (2005) (quoting 28 U.S.C. § 1332(c)(1)).  The citizenship of a business trust is based upon the citizenship of its beneficial owners.  MSR Tr. v. Nationstar Mortg. LLC, No. 21CV3089GBDRWL, 2021 WL 4200720, at *10 (S.D.N.Y. Sept. 15, 2021), report and recommendation adopted, No. 21CIV3089GBDRWL, 2022 WL 392405 (S.D.N.Y. Feb. 9, 2022); see also Demarest v. HSBC Bank USA, N.A. as Tr. for Registered Holders of Nomura Home Equity Loan, Inc., Asset-Backed Certificates, Series 2006-HE2, 920 F.3d 1223, 1227 (9th Cir. 2019) (noting that real-estate investment trusts and other artificial entities created by state law given the "trust" label consider shareholders as members for diversity purposes) (citing Americold Realty Tr. v. Conagra Foods, Inc., 577 U.S. 378, 381-83 (2016)); U.S. Bank Tr., N.A. v. Dupre, 2016 U.S. Dist. LEXIS 127848, at *11 (N.D.N.Y. Sept. 20, 2016) (finding a "Delaware

---

[2] In her motion to remand, Plaintiff cites Singer v. State Farm Mut. Auto Ins. Co., 116 F.3d 373, 376 (9th Cir. 1996) as support that "Walmart must even prove by a preponderance of evidence that the amount in controversy exceeds $75,000." (ECF No. 4 at 3.)  Plaintiff otherwise fails to present any argument disputing that the amount in controversy does not exceed $75,000.  Accordingly, the Court finds Plaintiff has waived any argument that the amount in controversy is insufficient to establish diversity jurisdiction.

statutory trust seems precisely like the type considered by the Supreme Court in Americold").

The only non-fictitious defendants that have been served in this action are Walmart, Inc. and Wal-Mart Real Estate Business Trust. It is undisputed that Plaintiff is domiciled in California; Walmart Inc. is incorporated in Delaware and its principal place of business is in Arkansas; and Wal-Mart Real Estate Business Trust is a Delaware statutory trust by which the sole beneficial owner is Wal-Mart Property Co., which is a Delaware corporation with its principal place of business in Arkansas. See also Cosey v. Wal-Mart Louisiana, LLC, No. CV 19-554-SDD-EWD, 2019 WL 4039620, at *1 n.4 (M.D. La. Aug. 27, 2019) (finding that the defendants properly alleged the citizenship of the defendant Wal-Mart Real Estate Business Trust as "a business trust whose beneficial shares are owned 100% by Wal-Mart Property Co., which is a Delaware corporation with its principal place of business in Arkansas"). Accordingly, diversity of citizenship exists between Plaintiff, a California citizen, and the named Defendants, citizens of Arkansas and Delaware.

However, Plaintiff argues diversity of citizenship does not exist in this action because she intends to substitute "at least two" Doe Defendants who are California citizens once their true identities are discovered. Plaintiff therefore moves to remand this action to state court on the basis that the currently unknown fictitious defendants' citizenship should be acknowledged for the purposes of diversity jurisdiction. The Court disagrees. "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C § 1441(b)(1). Although Plaintiff requests leave to amend the complaint "at a later time" to substitute Doe Defendants who she speculates are California citizens, she has not yet done so. See Estrada v. KAG W., LLC, No. 1:24-CV-00257-KES-CDB, 2024 WL 2874591, at *5 (E.D. Cal. June 6, 2024) (citing Rosas v. NFI Indus., No. 2:21-cv-00046 WBS CKD, 2021 WL 672989, at *4 (E.D. Cal. Feb. 22, 2021) (plaintiff's stated intent to amend her complaint to substitute two Doe defendants, whom plaintiff had even addressed by name within complaint, did not defeat diversity because "neither individual [was] named as a party defendant" and plaintiff had not sought leave to amend to name them as defendants)). The Court finds the plain language of section 1441(b)(1) dictates that the citizenship of any fictitious defendant be disregarded in the Court's jurisdictional analysis.

The Court, however, recognizes California district courts are split in determining whether to consider presumed citizenship of fictitious defendants in instances where a complaint identifies a Doe defendant with sufficient detail to give a "definitive clue" as to their identity. Compare Collins v. Garfield Beach CVS, LLC, Case No. CV 17–3375 FMO (GJSx), 2017 WL 2734708, at *2 (C.D. Cal. June 26, 2017) (noting "when a plaintiff's allegations give a definite clue about the identity of the fictitious defendant by specifically referring to an individual who acted as a company's agent, the court should consider the citizenship of the fictitious Defendant") with Valdez v. Home Depot U.S.A., Inc., No. 22-CV-01491-DMR, 2022 WL 4137691, at *4 (N.D. Cal. Aug. 25, 2022) (noting "[section 1441(b)(1)]'s plain language, legislative history, and Ninth Circuit law militate against remand at this stage while keeping the door open for potential remand at a later time.")

Plaintiff argues this Court should follow the approach that considers the citizenship of fictitious defendants where Plaintiff has plausibly alleged facts to identity them, particularly in situations where a named defendant "knew or should have known the fictitious defendant's identity because that defendant employed the fictitiously named defendant." (ECF No. 4 at 6 (quoting Sandoval v. Republic Servs., Inc., No. 2:18–cv–01224–ODW(KSx), 2018 WL 1989528, at *3 (C.D. Cal. Apr. 24, 2018).) Even if the Court was persuaded to recommend disregarding the plain language of section 1441(b)(1) to adopt Plaintiff's proposed approach, the Court finds the allegations in Plaintiff's complaint related to the identity of the Doe Defendants to be wholly insufficient. In her complaint, Plaintiff merely alleges that "each such [Doe] Defendant is in some way responsible and liable for the events or happenings alleged in this Complaint." (ECF No. 1-1 at 6.) Plaintiff further alleges she believes each [Doe Defendant], are agents, owners, managers, partners, joint-venturers, employers, successors, and/or alter-egos of one another and/or are in some other way liable for the events and happenings alleged herein." (Id. at 4). Additionally, Plaintiff checked boxes in her form state court complaint to allege that "DOES 1 through 50 were the agents or employees of other named defendants and acted within the scope of that agency or employment" and that "DOES 51 through 100 are persons whose capacities are unknown to plaintiff." (Id.) Such allegations fail to give any definite clue about the alleged Doe employee identities, how they were

involved in the underlying slip and fall, or any inclination that they are California citizens. See Saludares v. Costco Wholesale Corporation, Case No. 23-cv-02325-VC, 2023 WL 5019897, at *1 (N.D. Cal. Aug. 4, 2023) (noting a plaintiff "can't defeat diversity simply by naming a Doe defendant, not giving any clue as to their identity, not describing their involvement, and intoning that they're a citizen of the same state as the plaintiff.")[3]

The Court finds 28 U.S.C. § 1441(b)(1) is clear: courts must disregard the citizenship of defendants sued under fictitious names when determining whether an action is removable. Because the named defendants are diverse from Plaintiff and Plaintiff has not yet sought leave to amend her complaint to substitute a Doe Defendant with a named defendant, the Court recommends denying Plaintiff's motion to remand.

2. Fraudulent Joinder

Plaintiff also argues that Defendants cannot meet the burden required to prove a fraudulent joinder of the alleged employees she intends to substitute at a later time. (ECF No. 4 at 7.) In response, Defendants argue Plaintiff's deficient allegations in her complaint regarding the Doe Defendants establish Does 1 to 100 are fraudulent joinders for the sole purpose of attempting to defeat diversity jurisdiction. (ECF No. 9 at 16-17.) Alternatively, Defendants argue the Doe defendants are not indispensable parties, given the doctrine of *respondeat superior* and joint and several liability as between employer and employee. (ECF No. 9 at 19.)

The Court finds it premature to consider the parties' preemptive dispute regarding the propriety of Plaintiff's intended joinder of the alleged employees, given the Doe Defendants remain unidentified. "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Because Plaintiff has not moved to amend her

---

[3] Plaintiff's additional proffered authorities are unpersuasive given each case dealt with a joinder or amendment to substitute a Doe Defendant with a named defendant. See Franco v. Costco Wholesale Corporation, No. CV 18-7586-MWF (AFMx), 2018 WL 6333674 (C.D. Cal. Oct. 30, 2018) (remanding case where the plaintiff sought to join a store manager as a named defendant); Gallegos v. Costco Wholesale Corporation, No. CV 20-3250 DMG (GJSx), 2020 WL 2945514 (C.D. Cal. June 2, 2020 (remanding case where defendants failed to demonstrate the plaintiff fraudulently joined a store's general manager as a named defendant); Wright v. Costco Wholesale Corp., No. 2:20-cv-02653-RGK-PJW, 2020 WL 2747234, (C.D. Cal. May 27, 2020) (granting leave to amend to join named defendants and subsequently remanding because the joined defendants destroyed diversity of citizenship); Esquibel v. Costco Wholesale Corp., No. 2:20-cv-03578-RGK-AGR, 2020 WL 4201191 (C.D. Cal. July 21, 2020) (same).

complaint to substitute a Doe Defendant with a named Defendant, the Court cannot reach the question of whether the anticipated joinder of unknown alleged employees is proper.

### B. Plaintiff's Motion for Leave to Amend at a Later Time

In conjunction with her motion for remand, Plaintiff filed an application to file a first amended complaint at a later time. (ECF No. 5.) Plaintiff argues she intends to name at least two Walmart employees who Plaintiff assumes will be California citizens, which will deprive the Court of subject matter jurisdiction. (ECF No. 4 at 11.) Plaintiff anticipates disclosure of the full and correct names of Does 1-100 "shortly, likely through discovery or at the time of the parties' [Rule] 26(f) conference." (ECF No. 5 at 3.) Plaintiff avers that she has not yet had the opportunity to ascertain the names of Defendants' employees who were involved in and responded to the incident on July 4, 2021. (ECF No. 11 at 3.)

The Court recommends denying Plaintiff's application for leave to amend at a later date as both substantively and procedurally improper. "The citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant *only if and when the plaintiff seeks leave to substitute a named defendant*." Soliman v. Philip Morris Inc., 311 F.3d 966, 971 (9th Cir. 2002) (emphasis added). Plaintiff requests leave to substitute currently unknown defendants when she discovers their identities "at a later time." This Court does not grant open-ended requests to file amended pleadings. Rather, Plaintiff must seek leave to amend either by stipulation or motion in conformance with Federal and Local Rules. See, e.g., Local Rule 137(c) (providing certain procedural requirements relating to the amendment of a pleading, including that the moving party must attach the proposed amended pleading as an exhibit to the motion seeking leave to amend).

Plaintiff is not precluded from bringing a proper motion for leave to amend at a later time if she discovers the true names of the Doe Defendants. Should Plaintiff discover such identities during the course of Rule 26 initial disclosures or discovery, she must promptly file a proper motion for leave to amend. Because Plaintiff's instant illusory motion does not seek leave to substitute a named defendant in the instant action, the Court recommends denying Plaintiff's application for leave to file a first amended complaint at a later time.

**IV.**

**CONCLUSION AND RECOMMENDATION**

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to remand (ECF No. 4) be DENIED; and

2. Plaintiff's application for leave to amend to file a first amended complaint at a later time (ECF No. 5) be DENIED.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of this recommendation, any party may file written objections to these findings and recommendations with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The District Judge will review the Magistrate Judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 29, 2024**

UNITED STATES MAGISTRATE JUDGE