# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA MAZARIEGO,<br><br>    Plaintiff,<br><br>    v.<br><br>WALMART, et al.,<br><br>    Defendants. | Case No. 1:24-cv-00612-KES-SAB<br><br>ORDER RE: INFORMAL DISCOVERY DISPUTE<br><br>(ECF No. 26) |

Before the Court is a discovery dispute that involves a medical examination of Plaintiff, Plaintiff's deposition, and the expert disclosure deadline. An informal videoconference was held on November 17, 2025, to address the dispute. Counsel Justin Renge, Esq., appeared for Plaintiff, and counsel Theodore Peters, Esq., appeared for Defendants. The Court notes this matter was conducted off the record; however, the parties were afforded an opportunity to place the matter on the record and no party requested to do so.

**I.**

**BACKGROUND**

On July 3, 2023, Plaintiff Gloria Mazariego filed this action in the California Superior Court, Fresno County, and on May 22, 2024, Defendants Walmart, Walmart, Inc., and Walmart Real Estate Business Trust (collectively, "Defendants") removed the matter to the Eastern District of California. (ECF No. 1.) Plaintiff alleges premises liability and general negligence

1

with regard to a slip and fall in a Walmart located in Kerman, California. (ECF No. 1-1.) The non-expert discovery cutoff was October 3, 2025, the expert discovery cutoff is January 16, 2026, and this action is set for trial on July 28, 2026. (ECF No. 21.) As relevant here, on October 23, 2025, the Court approved a stipulation between the parties for a medical examination of Plaintiff to take place pursuant to Federal Rule of Civil Procedure 35. (ECF Nos. 22, 23.) On November 11, at the parties' request, the Court scheduled an informal hearing. (ECF No. 24.) On November 14, 2025, the parties filed a joint informal discovery dispute letter brief outlining the parties' contentions regarding the dispute. (ECF No. 26.) The instant dispute concerns Plaintiff's failure to appear for her medical examination, Plaintiff's failure to appear at her deposition, and the deadline for Rule 26 disclosures.

## II.

## LEGAL STANDARD

Pursuant to the undersigned's procedures for informal discovery dispute resolution, the parties may stipulate to allow for the resolution of discovery disputes outside of the formal Local Rule 251 procedures by conducting an informal telephonic conference. Prior to conducting such conference, the parties must agree to the informal process, agree to an entry of an order by the Court after the conference, and agree to abide by such order.

Federal Rule of Civil Procedure 35 empowers a federal court to order a "party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(1). When a party seeks a medical examination, it must "specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(2)(B).

Federal Rule of Civil Procedure 30 provides that "[a] party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45."

Federal Rule of Civil Procedure 37 concerns when a party fails to make disclosure or to cooperate with discovery, including appropriate sanctions. As relevant here, "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or

discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). "A motion for an order to a party must be made in the court where the action is pending." Fed. R. Civ. P. 37(a)(2).

Regarding medical examinations, "a party fails to comply with an order under Rule 35(a) requiring it to produce another person for examination, the court may issue any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37(b)(2)(B). In turn, Rule 37(b)(2)(A)(i)-(vi) provides:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part; or
>
> (vi) rendering a default judgment against the disobedient party.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi). That said, "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Regarding depositions, "[t]he court where the action is pending may, on motion, order sanctions if: (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). "Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially

1 justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

## III.

## DISCUSSION

The Court will discuss the medical examination, Plaintiff's deposition, and the Rule 26 expert disclosure deadline in turn.

### A.    Rule 35 Medical Examination

As noted above, the Court approved and entered a stipulation between the parties regarding the medical examination of Plaintiff. Specifically, the Court approved the examination of Plaintiff on October 27, 2025, at 11:00 a.m., conducted by Terrence Delaney, M.D., to take place at 5665 N. Blackstone Ave., Ste. 107, Fresno, CA 93710. (ECF No. 23.) According to Defendants, they confirmed with Plaintiff on October 23, 2025, regarding the October 27, 2025 examination. (ECF No. 26, p. 2.) However, 90 minutes before the examination was scheduled to take place, Plaintiff's counsel advised Defendants that "due to unforeseen circumstances," Plaintiff would not be appearing. (Id.) Defendants immediately contacted Dr. Delaney; however, he had already arrived in Fresno for the examination. (Id.) In relation to Plaintiff's cancelation, Defendant incurred costs in the amount of $3,687.60 ($950 flat fee for cancellation, $125 for exam room, and 5.5 hours travel time for Dr. Delaney, $2,612.50). (Id.) Additionally, there is a pending cost associated with the hiring of an interpreter for the examination. (Id.) Walmart now moves for an order regarding Plaintiff's participation in the examination. (Id.)

In response, Plaintiff states that her nonappearance was due to miscommunication and a calendaring error. (Id. at p. 3.) Plaintiff notes that the parties have agreed to reschedule Plaintiff's medical examination to take place on November 24, 2025. (Id.) However, Plaintiff notes that Defendants have yet to re-notice the examination to take place on that date. (Id.) Plaintiff states that she has been in communication with Defendants regarding the costs associated with her nonappearance and has offered Defendants a credit against any settlement. (Id.) Plaintiff is also open to another reasonable financial agreement. (Id.)

At the hearing, the parties informed the Court that they had recently stipulated to another date, time, and place for Plaintiff's medical exam. (ECF No. 27.) The Court approves the

stipulation and will incorporate it into its order below.

That said, Plaintiff has not demonstrated that she was sustainably justified in her failure to attend her medical examination, giving only 90 minutes notice before cancellation. The Court will order that Plaintiff pay the reasonable costs associated with her failure to appear. Fed. R. Civ. P. 37(b)(2)(C). The Court finds the amount of $3,687.60 associated with the medical expert to be reasonable. Defendants did not provide an amount for an interpreter associated with the examination and waived any costs at the hearing. Therefore, the Court will order Plaintiff pay the amount of $3,687.60, payable in 30 days. In addition, the Court admonished Plaintiff that should she not appear for her medical examination, the Court will entertain a motion from Defendants for sanctions, pursuant to Rule 37, including terminating sanctions.

### B.     Plaintiff's Deposition

Defendants assert that they have made no less than three attempts to take Plaintiff's deposition, but on each occasion, Plaintiff's counsel unilaterally cancelled the deposition. (ECF No. 26, p. 4.) Defendants seek Court intervention to assist in seeking Plaintiff's cooperation in attending her deposition, either by monetary or other sanctions. (Id.) Plaintiff responds that during the meet-and-confer for this informal discovery conference, Plaintiff requested that Defendants offer proposed dates for the deposition. (Id.) Plaintiff notes that she memorialized the conversation with a follow-up email from Plaintiff's counsel who would potentially be appearing at the deposition. (Id.) Plaintiff states that to date, Defendants have not offered any new proposed dates for Plaintiff's deposition. (Id.)

As with her medical examination, Plaintiff has not proffered that she has been substantially justified in her failure to appear at her deposition up to this point. As discussed at the hearing, Court will order Plaintiff to attend her deposition. While Defendants state they seek monetary sanctions in the joint letter, they have not provided the Court with any way to assess costs regarding Plaintiff's deposition. Therefore, the Court will not impose monetary sanctions regarding Plaintiff's deposition at this time.

Again, Plaintiff is admonished that should she fail to appear at this Court ordered deposition, the Court will entertain a motion from Defendants for sanctions, pursuant to Rule 37,

including terminating sanctions.

### C. Rule 26 Expert Disclosure Deadline

Defendants note that the next available date for their medical expert to conduct a Rule 35 examination is November 24, 2025, and the current deadline for the parties to provide Rule 26 expert reports is December 5, 2025. (ECF No. 26, p. 3.) Defendants proffer that even assuming Plaintiff could and did appear on November 24, 2025, their expert will not have sufficient time to complete his report in a timely manner. (Id.) Defendants move to continue the deadlines for expert disclosures, rebuttal disclosures, and the expert discovery deadline by 30 days each. (Id. at pp. 4-5.) On this, Plaintiff has no objection.

In light of the Court's other determinations, there is good cause to continue the deadlines for expert discovery by 30 days.

## IV.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Pursuant to the terms of the parties' stipulation (ECF No. 27), Plaintiff shall appear for a medical examination on **November 24, 2025, at 11:00 a.m., conducted by Terrence Delaney, M.D., at 5649 N. Palm Avenue, Fresno, California 93704;**[1]

2. For her failure to appear at the scheduled October 27, 2025 examination, the Court orders Plaintiff to pay costs to Defendants in the amount of **$3,687.60, payable in 30 days;**

3. Plaintiff shall appear for her deposition on **December 8, 2025, at 10:00 a.m. via a virtual conference;**

4. **Should Plaintiff fail to abide by the terms of either paragraph 1 or paragraph 3 of this order, the Court will entertain a motion from Defendants**

---

[1] Plaintiff shall be responsible for the doctor's reasonable and customary cancellation fee of $950.00 should she fail to appear for the scheduled examination, or should she fail to provide Defendant's counsel with notice, at least five (5) business days before the examination, that she will not appear for the same according to Dr. Delaney's cancellation policy as follows: Cancelation with less than five (5) business days' notice: $950.00 plus Dr. Delaney's travel fees, interpreter fees, and examination room rental fees. (ECF No. 27, p. 3.)

1 **seeking sanctions, pursuant to Rule 37, <u>including terminating sanctions</u>;** and

2     5.    The scheduling order (ECF No. 21) is modified as follows:

        **a.**  Expert Disclosures:    **January 5, 2026**

        **b.**  Rebuttal Disclosures:    **January 19, 2026**

        **c.**  Expert Discovery cutoff:    **February 15, 2026**

IT IS SO ORDERED.

Dated:   **November 17, 2025**

STANLEY A. BOONE  
United States Magistrate Judge

7