# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA MAZARIEGO,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., et al.,<br><br>Defendants. | Case No. 1:24-cv-00612-KES-SAB<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT ISSUE FOR FAILURE TO FILE DISPOSITIONAL DOCUMENTS BY COURT ORDERED DEADLINE<br><br>(ECF No. 33)<br><br>**SEVEN-DAY DEADLINE** |

On January 7, 2026, the parties filed a notice of settlement, informing the Court that a settlement had been reached.  (ECF No. 32.)  The Court thereafter issued an order setting the deadline to file dispositional documents no later than February 2, 2026.  (ECF No. 33.)  That deadline has passed, and Plaintiff has failed to file dispositional documents or a request for an extension supported by good cause.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000).  The Court shall require Plaintiff to show cause why sanctions should not be issued for the failure to file dispositional documents in compliance with the Court's order.

Accordingly, IT IS HEREBY ORDERED that Plaintiff show cause, in writing, **within seven (7) days** from the entry of this order why sanctions should not issue for the failure to file dispositional documents by the deadline required by the January 7, 2026 order.  (ECF No. 33.) Failure to comply with this order will result in the issuance of sanctions.

IT IS SO ORDERED.

Dated:   **February 3, 2026**

STANLEY A. BOONE
United States Magistrate Judge

2